UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEXT PHASE DISTRIBUTION, Inc.<br>1050 Northfield Ct. Ste 300<br>Atlanta, GA 30076<br><br>  Plaintiff,<br><br>  v.<br><br>DOES 1 – 138<br><br>  Defendants. | Civil Action 1:11-cv-09706-KBF |

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION OF JOHN DOE'S MOTION TO QUASH OR VACATE SUBPOENA**
[Documents 6 & 7]

  Plaintiff Next Phase Distribution, Inc., filed a Complaint against John Does residing in New York who traded the same, identical file of Plaintiff's copyrighted work without authorization through a file-swapping network ("Peer-to-Peer" or "P2P" network). All John Does are New York residents.

  On or about February 28, 2012, an otherwise unidentified John Doe filed a Motion to Quash or Vacate Subpoena (Document 6). It seems the same John Doe then filed a request to keep his name anonymous (Document 7).

  Plaintiff has no identifying information for this John Doe whatsoever. However, Plaintiff understands that this John Doe filed these documents *pro se*, and will address the pertinent issues.

  **John Doe Lacks Standing to Challenge the Subpoena**

  A party to a lawsuit lacks standing to object to a subpoena served on a non-party, unless the party objects to the subpoena on the grounds of privilege, proprietary interest or privacy

1

interest in the subpoenaed matter. *See Fed.R.Civ.P. 45*(c)(3)(B). See also *Robertson v. Cartinhour*; 2010 U.S. District LEXIS 16058 (D. Md. 2010) (Day, MJ) (*unreported*).

Internet subscribers do not have a proprietary interest or an expectation of privacy in their subscriber information because they have already conveyed such information to their Internet Service Providers (ISPs). *See Guest v. Leis,* 255 F. 3d 325 (6th Cir. 2001); *United States v. Simons,* 206 F.3d 392 (4th Cir., 2000).

The only information sought through the Subpoena at issue is the Doe defendants' contact information. This information has already been shared by the Doe Defendants with their respective ISPs.

Further, the Doe defendants exposed their IP addresses to the public by sharing the Motion Picture at issue. The torrent software exposes the IP address of the infringer, as explained in the Complaint and the *Declaration of Jon Nicolini*.

Therefore, Doe lacks standing.

**Plaintiff has no objection to Doe presenting any motions anonymously**

In his second filing, Doe requests that his name be kept anonymous. Plaintiff has no objection to Doe being anonymous during the initial stages, as the specific information for this John Doe has not yet been received from his Internet Service Provider (ISP) and thus the facts for this particular John Doe have not been reviewed. Plaintiff also understands the John Does' desire for privacy in such cases.

**There is no privacy interest in the contact information sought by the subpoena.**

As is relevant here, Rule 45(c)(3)(iii) provides that a court may quash a subpoena if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed.R.Civ.P. 45(c)(3)(iii). Pursuant to Rule 45(d)(2), when subpoenaed information is withheld

2

based on a claim of privilege, the claim of privilege must "describe the nature of the withheld [information] in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." *Fed.R.Civ.P. 45(d)(2)*.

The burden of persuasion on a motion for protective order or to quash is borne by the movant. *See Aristotle Int'l, Inc. v. NGP Software, Inc.*, 714 F.Supp.2d 1, 16-17 (D.D.C. 2010) (motion for protective order); *Linder v. Dep't of Defense*, 133 F.3d 17, 24 (D.C.Cir. 1998) (motion to quash).

Courts have held that Internet subscribers do not have an expectation of privacy in their subscriber information as they already have conveyed such information to their ISPs. *See, e.g., Guest v. Leis*, 255 F.3d 325, 335-36 (6th Cir.2001) ("Individuals generally lose a reasonable expectation of privacy in their information once they reveal it to third parties."); *U.S. v. Hambrick*, Civ. No. 99-4793, 2000 WL 1062039, at *4 (4th Cir. Aug. 3, 2000) (a person does not have a privacy interest in the account information given to the ISP in order to establish an email account); *U.S. v. Kennedy*, 81 F.Supp.2d 1103, 1110 (D.Kan.2000) (defendant's Fourth Amendment rights were not violated when an ISP turned over his subscriber information, as there is no expectation of privacy in information provided to third parties).

### Conclusion

Based on the above-stated reasons, Plaintiff respectfully requests this Court to deny the Motion submitted by John Doe.

A proposed order will be submitted separately.

Respectfully submitted this 28th day of February, 2012.

By:   /s/ Mike Meier

Mike Meier (NY ID MM9295)
The Copyright Law Group, PLLC
4000 Legato Road, Suite 1100
Fairfax, VA 22033
Phone: (888) 407-6770
Fax: (703) 546-4990
Email:
mike.meier.esq@copyrightdefenselawyer.com

ATTORNEY FOR PLAINTIFF

4

**CERTIFICATE OF SERVICE**

I hereby certify that on 28 February 2012, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system.

I do not have any contact information for John Doe, and request that the Clerk provide a copy to him.

By:   /s/ Mike Meier
      Mike Meier (NY ID MM9295)
      The Copyright Law Group, PLLC
      4000 Legato Road, Suite 1100
      Fairfax, VA 22033
      Phone: (888) 407-6770
      Fax: (703) 546-4990
      Email:
      mike.meier.esq@copyrightdefenselawyer.com

      ATTORNEY FOR PLAINTIFF