USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/1/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
NEXT PHASE DISTRIBUTION, INC.       :    11 Civ. 9706 (KBF)
                                    :
                    Plaintiff,      :    MEMORANDUM OPINION
                                    :    & ORDER
         -v-                        :
                                    :
DOES 1-138,                         :
                                    :
                    Defendants.     :
                                    :
------------------------------------X

KATHERINE B. FORREST, District Judge:

   Plaintiff Next Phase Distribution, Inc. ("plaintiff") brings this action for copyright infringement pursuant to the United States Copyright Act, 17 U.S.C. §§ 101 et seq., alleging that unnamed defendants copied and distributed its copyrighted adult-entertainment film, entitled "Horny Black Mothers and Daughters #8" (the "Film"), through a file-sharing software. One of those unnamed defendants ("defendant" or "Doe"), appearing pro se, now moves to proceed anonymously and to quash the subpoena issued to various internet service providers seeking the identities of the defendants.

   Plaintiff does not object to Doe proceeding anonymously "during the initial stages." (Mem. of P. & A. in Opp. of John Doe's Mot. to Quash or Vacate Subpoena at 2.) For the reasons set forth below, the motion to proceed anonymously is GRANTED

until further order of this Court and the motion to quash the subpoena is DENIED.

BACKGROUND

According to the complaint, plaintiff produced the Film, released it on December 13, 2010, and registered the copyright on January 7, 2011. (Compl. ¶ 8.) On December 30, 2011, plaintiff filed this copyright infringement action against 138 defendants, seeking injunctive relief and damages. Because the potential identity of defendants would be discoverable to plaintiff only through their Internet Protocol ("IP") address, this Court authorized plaintiff on January 6, 2012, to serve subpoenas — under certain restrictions — upon various Internet Service Providers (ISPs). (Dkt No. 5.) One such ISP was Verizon Internet Services, which, in accordance with this Court's January 6, 2012, Order, informed defendant Doe that he had been served with a subpoena that sought Doe's identity.

DISCUSSION

I.   Motion to Proceed Anonymously

On February 23, 2012, defendant Doe requested that this Court "keep [his] identity [a]nonymous." (Notice of Mot., Feb. 23, 2012.) Federal Rules of Civil Procedure 10(a) and 17(a) state, respectively, that "[t]he title of the complaint must name all the parties" and "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 10(a),

2

17(a). "When evaluating a request by a party to proceed anonymously or by pseudonym courts consider numerous factors, including whether identification would put the affected party at risk of suffering physical or mental injury." See John Wiley & Sons, Inc. v. John Does Nos. 1-27, No. 11 Civ. 7627, 2012 WL 364048, at *1 (S.D.N.Y. Feb. 3, 2012) (quoting Guerrilla Girls, Inc. v. Kaz, 224 F.R.D. 571, 573 (S.D.N.Y. 2004)).

The Second Circuit has set forth a non-exhaustive list of factors that district courts are to consider when deciding a motion to proceed anonymously, including: (1) "whether the litigation involves matters that are highly sensitive and of a personal nature;" (2) "whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;" (3) "whether the plaintiff's identity has thus far been kept confidential;" and (4) "whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity." Sealed Plaintiff v. Sealed Defendant # 1, 537 F.3d 185, 189-90 (2d Cir. 2008) (quotation marks, citations and alterations omitted). Furthermore, "courts have allowed parties to use fictitious names, particularly where necessary to protect privacy in a very private matter." See Doe v. United Servs. Life Ins. Co., 123

3

F.R.D. 437, 439 (S.D.N.Y. 1988) (collecting cases; allowing plaintiff to proceed anonymously where he risked public identification as a gay man). While the <u>Sealed Plaintiff</u> and <u>United Services</u> cases involved <u>plaintiffs</u> who wished to proceed anonymously, a court in this District has recently applied those cases to matters where a <u>defendant</u> sought to proceed anonymously, <u>see</u> <u>John Wiley & Sons, Inc.</u>, 2012 WL 364048, at *1, and this Court sees no reason why that should not be so here.

This Court notes the highly sensitive nature and privacy issues that could be involved with being linked to a pornography film, <u>see</u> e.g., <u>Digital Sin, Inc. v. Does 1-5698</u>, No. C 11-04397, 2011 WL 5362068, at *4 (N.D. Cal. Nov. 4, 2011) ("An allegation that an individual illegally downloaded adult entertainment likely goes to matters of a sensitive and highly personal nature, including one's sexuality."), the lack of any showing by plaintiff that they would be prejudiced if defendant Doe proceeded anonymously, and — while there is a vital interest in facilitating public scrutiny of judicial proceedings, <u>see</u> <u>Sealed Plaintiff</u>, 537 F.3d at 188-89 — the minimal public interest (when weighed against defendant's interests) in disclosing defendant's name. Moreoever, there is a risk in this case, and other similarly-situated ones, that the "names and addresses produced in response to [p]laintiff's discovery request will not in fact be those of the individuals who

4

downloaded" "Horny Black Mothers and Daughters #8" because often the "true offender" is the "teenaged son," "a neighbor in an apartment building that uses shared IP addresses" or "a [neighbor in the] dormitory that uses shared wireless networks." Digital Sin, Inc. v. John Does 1-176, No. 12 Civ. 00126, 2012 WL 263491, at *3 (S.D.N.Y. Jan. 30, 2012) ("Plaintiff's counsel estimated that 30% of the names turned over by ISPs are not those of individuals who actually downloaded or shared copyrighted material.").

For these reasons, the motion to proceed anonymously is GRANTED. All defendants will be entitled to proceed anonymously upon application to this Court and until further order of this Court.[1] Each "John Doe" will be numbered consecutively in order of appearance.

II.  Motion to Quash Subpoena

In Sony Music Entertainment Inc. v. Does 1-40, 326 F. Supp. 2d 556 (S.D.N.Y. 2004), Judge Chin — on a motion to quash a subpoena of a non-party ISP that sought the identities of defendants who had allegedly downloaded copyrighted songs — articulated a five-factor test to determine whether a defendant's First Amendment rights protects their identity from disclosure. Id. at 564-65. The test asks: (1) whether plaintiff had made a "concrete showing of a prima facie claim of

---

[1] Defendants may make such application by letter to this Court.

5

actionable harm;" (2) the "specificity of the discovery request;" (3) "the absence of alternative means to obtain the subpoenaed information;" (4) "a central need to obtain the subpoenaed information to advance the claim;" and (5) "the party's expectation of privacy." Sony Music, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004) (citations omitted). See Arista Records, LLC v. Doe 3, 604 F.3d 110, 119 (2d Cir. 2010) ("We agree that this constitutes an appropriate general standard for determining whether to quash, to preserve the objecting party's anonymity, should be granted.").

Here, plaintiff has alleged a prima facie showing of copyright infringement, which consists of "(1) ownership of a valid copyright, and (2) copying of the constituent elements of the work that are original." Id. Plaintiff has alleged ownership (see Compl. ¶ 16) and has attached an exhibit to its complaint identifying each defendant that allegedly infringed and his/her last-observed alleged infringement (Compl. Ex. A).

Plaintiff's discovery request is sufficiently specific "to establish a reasonable likelihood that the discovery request would lead to identifying information" that would make service possible. Sony Music, 326 F. Supp. 2d at 566. Plaintiff seeks identifying information as to individual subscribers to four ISPs based on specific times and dates that the subscriber allegedly downloaded the copyrighted film. (Order Granting Pl.'s

Mot. for Leave to Take Disc. Prior to Rule 26(f) Conference; Compl. Ex. A.)

There is also an essential need for the subpoenaed information — "[a]scertaining the identities and residences of the Doe defendants is critical to plaintiff['s] ability to pursue litigation, for without this information, plaintiff[] will be unable to serve process." See Sony Music, 326 F. Supp. 2d at 566.

Finally, while this Court has found that defendants here have privacy interests due to the nature of the subject infringement, those interests do not "give way to plaintiff['s] right to use the judicial process to pursue what appear to be meritorious copyright infringement claims." Id. Thus, while defendant Doe may remain anonymous in filings relating to this proceeding until further order of this Court, the subpoena will not be quashed.

Accordingly, the motion to quash is DENIED.

CONCLUSION

For the reasons set forth above, the motion to proceed anonymously is GRANTED until further order of this Court, and the motion to quash is DENIED. Furthermore, to the extent that any information regarding any unnamed defendant is released to plaintiff by the ISPs, that information shall not in any way be publicly disclosed. The January 6, 2012, Order is amended as

7

follows: the Internet Service Providers shall give notice to any affected subscriber that they may proceed anonymously in this matter upon application to this Court. Plaintiff shall cover any costs associated with such notifications and is directed to number "John" or "Jane" Doe defendants seriatim.

The Clerk of the Court is directed to terminate the motions at Docket Nos. 6 and 7.

SO ORDERED.

Dated:   New York, New York
         March 1, 2012

*K. B. Forrest*

KATHERINE B. FORREST
United States District Judge